43380.   GUGLIOTTA v. THE STATE.

S<small>UBMITTED</small> J<small>ANUARY</small> 15, 1968—D<small>ECIDED</small> F<small>EBRUARY</small> 9, 1968.

*William L. Gower,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson, Amber W. Anderson,* for appellee.

DEEN, Judge. ■ The actual seizure of the automobile took place at the time of the defendant's arrest on the first charge. It is not necessary for us to rule whether under the circumstances the procedure was legal or not; from the testimony of the officer and the statement of the defendant it does not appear that the latter's surrender of the keys was the result of duress, and the defendant did not deny the statement of the officer that before impounding the vehicle he gave the defendant an opportunity to get someone else to drive it away. There was at least a tacit acquiescence on the part of the defendant in relinquishing possession of the vehicle for the announced purpose of getting it off the street.

■ "Objection that an automobile was illegally searched without a warrant is not available to one who makes no claim to the ownership or possession of the automobile or its contents and who was not present at the time of the search." *Cain v. State,* 113 Ga. App. 477 (3) (148 SE2d 508). The defendant disclaimed ownership, could not give the police officers information on the whereabouts of the owner, and parted with custody when he gave them the keys for the purpose of having the vehicle removed to the police garage. The Constitution prohibits only searches which are unreasonable, and reasonableness is to be decided on its own facts and circumstances. *Cash v. State,* 222 Ga. 55, 59 (148 SE2d 420). The search, in view of the ignorance as to the identity of the true owner, was not unreasonable. Cf. Cotton v. United States, 371 F2d 385.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*