## STATE v. TONY MICHAEL RAK.
## STATE v. LAWRENCE BERG.

193 N. W. 2d 603.

December 30, 1971—Nos. 42164, 42209.

*C. Paul Jones,* State Public Defender, *Roberta K. Levy, Doris O. Huspeni,* and *Earl P. Gray,* Assistant State Public Defenders, for appellants.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Appeals by defendants Tony M. Rak and Lawrence Berg from convictions of receiving and concealing stolen property contrary to Minn. St. 609.53; 609.52, subd. 3(2); and 609.05. Although the defendants were tried jointly, their appeals were presented separately. Since the appeals raise identical issues arising out of the same incident, we have consolidated them for purposes of our review. Both defendants contend that inculpatory evidence was obtained during an unconstitutional search and that the evidence is insufficient to sustain their convictions. We disagree and affirm.

---

[3] The trial court characterized its ruling as "artificial" and oppressive to Polk County.

On Christmas Day 1968, at 11:30 p. m., Rak's car, driven by Berg, with Rak and a Frank Henders as passengers, struck the rear end of another automobile at an icy intersection at Second Avenue and Forty-sixth Street in Minneapolis. While Rak and Berg talked to the driver of the other automobile, on an apparent signal from one of them, Henders drove off in Rak's damaged car. A short time later, police discovered what was later determined to be Rak's car about 5 blocks from the accident scene. The car was parked at an angle to, and about 2 feet from, the curb. Footprints in the snow led away from the car. In an attempt to find the driver of the vehicle, police followed the footprints until they disappeared. They then looked through the windows and observed that the ignition keys were still in the car and that a portable TV, letters with a Blaisdell address, a custom slip with a West Calhoun Boulevard address, and several other articles were strewn about inside. After a police radio check revealed that a portable TV and other personal property had probably just been stolen from the Blaisdell address, the police, without a search warrant, entered the car to seize and inventory the property.

Defendants argue that there was no urgent need to search the automobile and that police should have first obtained a search warrant. The United States Supreme Court in Chambers v. Maroney, 399 U. S. 42, 48, 90 S. Ct. 1975, 1979, 26 L. ed. 2d 419, 426 (1970) held valid a warrantless search of an automobile and said:

"In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office. In Carroll v. United States, 267 U. S. 132 (1925), the issue was the admissibility in evidence of contraband liquor seized in a warrantless search of a car on the highway. After surveying the law from the time of the adoption of the Fourth Amendment onward, the Court held that automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize."

The court went on to say (399 U. S. 51, 90 S. Ct. 1981, 26 L. ed. 2d 428):

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional

purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

The facts and circumstances known to the police at the time of the search in the present case fit comfortably within these limits.

Although defendants offered an explanation of their actions, the credibility of their testimony and the resolution of conflicting evidence was properly left to the jury. Our separate review of the trial record satisfied us that there is ample, if not compelling, evidentiary support for the jury's guilty verdicts. State v. Darrow, 287 Minn. 230, 177 N. W. 2d 778 (1970); State v. O'Donnell, 280 Minn. 213, 158 N. W. 2d 699 (1968).

Affirmed.