## STATE v. JOHN FRANK THIEL.

217 N. W. 2d 499.

April 19, 1974—No. 43908.

*C. Paul Jones*, State Public Defender, and *Ronald L. Haskvitz*, Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix, Michael McGlennen,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent.

YETKA, JUSTICE.

Defendant, found guilty by a district court jury of simple robbery, Minn. St. 609.24, and sentenced to a term of not more than 10 years' imprisonment, contends on this appeal from judgment of conviction that (1) the trial court erred in refusing to suppress certain physical evidence seized by police in a warrantless search of his automobile, and (2) the evidence on the issue of identification was, as a matter of law, insufficient to justify the verdict. We affirm.

The crime for which defendant was tried and convicted was the robbery of Mrs. Karen Robillard in the parking lot of the Target store in Bloomington at 9 p.m. on November 8, 1971. Mrs. Robillard testified that a young couple, one of whom she later positively identified as defendant, approached her in the parking lot and demanded that she give them her purse. Mrs. Robillard identified a starter gun which fires only blanks (and which, incidentally, was one of the challenged items seized from defendant's automobile) as the gun which defendant brandished during the robbery.

In addition to Mrs. Robillard's testimony, the state introduced other evidence connecting defendant to the robbery, including evidence (a) that defendant and one Nancy Paulson, using Mrs. Robillard's checks (and credit cards for identification), later that evening purchased a number of items from two different departments at the Holiday store in Bloomington, (b) that they attempted to make other purchases but were stymied by a suspicious store employee who refused to accept the check, (c) that they ran from the store after this refusal, (d) that Bloomington policemen, called to the scene, chased them and caught them hiding in a culvert, (e) that a purse found near the culvert contained

identification papers of Mrs. Robillard, and (f) that defendant's automobile, found in the Holiday parking lot, contained Miss Paulson's purse, the starter pistol used in the robbery, a number of items belonging to Mrs. Robillard, and items purchased by the two in the Holiday store.

1. Defendant contends the trial court erred in refusing to suppress the items seized from defendant's automobile. The facts relating to the seizure of these items are as follows: Police, while interrogating Miss Paulson at the stationhouse, learned that she and defendant had used an older-model, dark-colored automobile with noisy mufflers and a rusted body to get to the Holiday store. Since there were few automobiles in the parking lot of the store at that hour, a policeman on the scene had little difficulty in locating this automobile. This policeman, after looking in the automobile and seeing a purse on the floor on the back seat, opened the door, reached in and lifted a driver's license from the purse, a license which turned out to be that of Mrs. Robillard. This officer then called headquarters and talked with a sergeant, who instructed him not to search the automobile because "[w]e have reasonable grounds to impound the car." The sergeant then talked with defendant, saying that officers had found the automobile and asking permission to search it, at the same time pointing out that if permission were not granted, they could easily get a warrant. Defendant simply replied that the automobile was not his and that therefore he did not care if they searched it. Using keys obtained from defendant's personal effects, the sergeant then went to the parking lot and with other officers searched the automobile including the glove compartment and the locked trunk.

Defendant raises the issue that he did not voluntarily consent to the search of his automobile. We could hold that defendant, by disclaiming ownership of the automobile, waived his right to later challenge the legality of the search. See, Gugliotta v. State, 117 Ga. App. 212, 160 S. E. 2d 266 (1968). Moreover, defendant could be said to have consented to the search of the car

by his own admission. We call attention to the record, which discloses:

"Q. Do you recall being asked whether or not you gave permission to search your car?
"A. Yes.
"Q. Do you recall what your response was?
"A. I told them to go ahead."

However, we need not decide this matter on the legal effect of defendant's disclaimer of ownership or his permission to search because we believe it is clear that the police acted legally in searching defendant's automobile without a warrant.

In reaching this conclusion we rely on two key Supreme Court cases dealing with automobile searches, Cooper v. California, 386 U. S. 58, 87 S. Ct. 788, 17 L. ed. 2d 730 (1967), and Chambers v. Maroney, 399 U. S. 42, 90 S. Ct. 1975, 26 L. ed. 2d 419 (1970). In Cooper, the court, stating that the test was not whether it was reasonable to secure a search warrant but rather whether the search was reasonable, held that if the police have a legal basis to seize an automobile (e. g., probable cause to believe that the automobile was used as an instrumentality of the crime) they may search the vehicle without a warrant provided the search is closely related to the reason for a defendant's arrest (although not incident thereto) and the reason for impoundment. In Chambers, the court approved a warrantless search of an automobile not incident to arrest because there was probable cause to believe that the vehicle contained contraband. In doing this the court rejected the argument that only the immobilization of the automobile should be permitted until a search warrant is obtained, saying that there is little difference between an immediate search of an automobile without a warrant and the automobile's immobilization pending the securing of a warrant.

We have relied on both of these cases in past decisions, Cooper in cases dealing with the warrantless search of an automobile

believed used as an instrumentality of a crime—see, e. g., State v. Russell, 282 Minn. 223, 164 N. W. 2d 65, certiorari denied, 396 U. S. 850, 90 S. Ct. 109, 24 L. ed. 2d 100 (1969)—and Chambers in cases dealing with the warrantless search of an automobile believed to contain the fruits of a crime—see, State v. Rak, 292 Minn. 434, 193 N. W. 2d 603 (1971). In this case, we believe that both Cooper and Chambers are applicable because it appears that the police, before they ever entered the defendant's automobile, had probable cause to believe that the automobile was an instrumentality of the crime and that it contained fruits of the crime.

Specifically, before they even entered the automobile, the police had probable cause to believe that defendant and Miss Paulson were guilty both of robbing Mrs. Robillard and of forging and uttering checks obtained in that robbery. Since the automobile was the only one in the Holiday lot that fit the description given by Miss Paulson, the police also had probable cause to believe that the automobile was the one Miss Paulson said they had used. Because Miss Paulson had said that defendant had the gun used in the robbery and since defendant did not have a gun on his person when arrested, police had probable cause to believe that the automobile contained the gun. It seems obvious that the police had probable cause to believe that the automobile might contain fruits of both crimes. And finally, we believe that they had probable cause to believe that the automobile was an instrumentality of the robbery although Mrs. Robillard had not seen any getaway car.

We should point out that we have rejected defendant's argument that Coolidge v. New Hampshire, 403 U. S. 443, 91 S. Ct. 2022, 29 L. ed. 2d 564 (1971), has altered either Cooper or Chambers. The opinion in Coolidge which might support such an argument is only a plurality opinion. Further, the court's recent decision in Cady v. Dombrowski, 413 U. S. 433, 93 S. Ct. 2523, 37 L. ed. 2d 706 (1973), suggests that Coolidge did not have this effect. See, State v. Coy, 294 Minn. 281, 200 N. W. 2d 40 (1972).

2. There is no merit whatever to defendant's other contention that there was, as a matter of law, insufficient evidence identifying him as the man who participated in the robbery.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.