# STATE v. LAWRENCE THOMAS.

239 N. W. 2d 455.

February 13, 1976—No. 45245.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, David W. Larson,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant appeals from convictions for burglary, aggravated assault, and attempted aggravated robbery and from the denial of an alternative motion for judgment of acquittal or for a new trial. We affirm.

Because the court reporter temporarily lost his preliminary hearing notes, a transcript of the preliminary hearing was not available for use at the trial which defendant contends denied him an opportunity to impeach the prosecutor's witness. We recognize that such a transcript is valuable both as a discovery tool and for impeachment purposes. Britt v. North Carolina, 404 U. S. 226, 92 S. Ct. 431, 30 L. ed. 2d 400 (1971); State v. Kemp, 272 Minn. 447, 138 N. W. 2d 610 (1965). However, the transcript in the case before us indicates that the testimony of the state's

witness at the preliminary hearing differed only in relatively minor details from his trial testimony. Consequently we find no prejudice in the unavailability of his transcript.

Defendant further argues that identification procedures used by the police tainted the positive identification of defendant by two victims of the crimes, citing Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). We find no merit in this contention.

A more serious and difficult issue is raised by the misconduct of the prosecutor in his final argument, in which he stated among other things the following:

"* * * At this time, however, prior to getting into the actual testimony and evidence in the case, the State wants to give an instruction more or less as to the two constitutional safeguards that are afforded every defendant in the criminal justice system in the United States. That is, the defendant is presumed innocent unless and until he is proven guilty. He has a presumption of innocence. That presumption disappears as soon as you are morally certain, and the State has produced competent evidence from which you can conclude that the defendant has committed the crimes. Then that presumption vanishes. The second constitutional safeguard is the burden of proof. The State has to prove its case beyond a reasonable doubt, a doubt based upon reason, a fair doubt. The State does not have to prove its case to a mathematical certainty. If the State did have that responsibility, it would be impossible to obtain criminal convictions because things in this world are just not that mathematically certain. These are two constitutional safeguards. They are meant to protect the innocent, not to shield the guilty. In other words, don't allow these two constitutional safeguards to let you get out of this. You are in a very difficult position. You are judging the actions of a fellow human being, and that is a great responsibility that you have, but I am asking that you not allow one of these legal phrases, such as reasonable doubt or presumption of innocence to allow you to avoid doing your responsibility."

Defendant's counsel promptly objected on the ground there wasn't "any responsibility on the jury to ignore the constitutional standards and find this man guilty, despite what he is saying." In response, the court stated "I think the instructions will clear up any difficulties in that regard." Thereafter, the court gave a proper charge on the presumption of innocence and the burden of proof but neglected to admonish the jury with respect to the impropriety of the prosecutor's remarks.

We condemn the argument for several reasons. First, the prosecutor stated he was giving the jury an "instruction" which, of course, is the exclusive province of the court, a misstatement which standing alone would not be serious. Second, the prosecutor argued that the presumption of innocence and the requirement of proof beyond a reasonable doubt are meant to protect the innocent not to shield the guilty, a proposition which we disapproved 43 years ago in State v. Bauer, 189 Minn. 280, 284, 249 N. W. 40, 42 (1933), where we said:

"The last clause gives no legal guide for the jury and might well have been omitted. The person on trial for a crime, the guilty equally with the innocent, may invoke the presumption."

A third and perhaps the most offensive of the arguments was the invitation by the prosecutor to ignore the constitutional rights to which he referred. He suggested quite bluntly that it was the jury's duty to subvert these rights to their higher responsibility of convicting defendant.

Our admonition in the Bauer case having gone unheeded by prosecutors, we now hold that henceforth it will be grounds for reversal for the court to charge or the prosecutor to argue that a defendant's constitutional rights "are meant to protect the innocent but not to shield the guilty."

In the instant case we affirm with some misgivings. We do so only because evidence of guilt is overwhelming. In a close case we would have no hesitation in granting a new trial where the prosecutor's argument is so manifestly unfair. In support of our

position that the argument to which we referred is improper, we cite not only our own precedents but authorities elsewhere. The Federal court discussed the question at some length at Reynolds v. United States, 238 F. 2d 460 (9 Cir. 1956). There the court was considering the propriety of the following charge to the jury:

"This rule, as to the presumption of innocence, is a humane provision of the law, intended to guard against the conviction of an innocent person, but it is not intended to prevent the conviction of any person who is in fact guilty, or to aid the guilty to escape punishment."

The court held:

"* * * It [the charge on the presumption of innocence] subverts the presumption, since it distracts attention from its paramount purpose of protecting the innocent. When this qualification is added to an instruction on the presumption of innocence, the result is to leave matters about where they would have been had no instruction on the presumption been given.

"Since it is right to instruct on the presumption of innocence, it is wrong to add this self-defeating qualification." [1]

More recently the Supreme Courts of Mississippi and Colorado have disapproved the charge. Keith v. State, 197 So. 2d 480 (Miss. 1967), and Martinez v. People, 172 Colo. 82, 470 P. 2d 26 (1970). Both courts have adopted the reasoning of the Reynolds case which we also find persuasive.

Affirmed.

---

[1] We also call attention to Shaw v. United States, 244 F. 2d 930, 938 (9 Cir. 1957).