## STATE v. DON L. JENSEN.

242 N. W. 2d 109.

May 14, 1976—No. 45580.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, who was found guilty by a district court jury of aggravated robbery, Minn. St. 609.245, contends on this appeal from judgment of conviction that (1) the trial court committed both constitutional and nonconstitutional error in admitting a gun seized from the automobile in which defendant was arrested, (2) the trial court erred in admitting certain other-crime evidence, and (3) the prosecutor committed misconduct in his closing argument. After careful consideration, we affirm.

We do not think it is necessary to discuss either of the first two issues in detail. As to the first issue, we refer to State v. Thiel, 299 Minn. 179, 217 N. W. 2d 499 (1974), and State v. Kotka, 277 Minn. 331, 152 N. W. 2d 445 (1967), certiorari denied, 389 U. S. 1056, 88 S. Ct. 806, 19 L. ed. 2d 853 (1968). The second issue is controlled by this court's decision in State v. Billstrom, 276 Minn. 174, 149 N. W. 2d 281 (1967).

Defendant's contention that the prosecutor committed misconduct in his closing argument merits more detailed discussion. We address ourselves to four statements in the final argument notwithstanding that defense counsel did not object to three of the more objectionable statements and even now makes no reference to two of them. The evidence of guilt was so strong, moreover, that we do not in these circumstances feel compelled to grant a new trial.

(a) The first statement we discuss was as follows:

"The defendant, I submit to you also in a criminal case, has long before the case ever comes to trial picked the entire cast, perhaps inadvertently, by something he has said or done. In this case he picked an area of town one week apart at the same time of day around closing. From the list of witnesses we have brought those who could best tell you what happened on those given dates. We have attempted to eliminate and avoid duplications. That is why you didn't hear from a lot of other police officers about stopping the car and finding the gun."

The statement that the defendant in a criminal case has picked his cast of witnesses long before trial arguably presumes that only guilty people are charged with crimes. Here the prosecutor probably meant that *this* defendant had picked the cast of witnesses, and thus the statement was just an oblique way of arguing defendant's guilt. Nonetheless, this type of statement might better be left unsaid.

This court's recent decision in State v. Thomas, 305 Minn. 513, 232 N. W. 2d 766 (1975), makes it clear that prosecutors should

first obtain the trial court's permission before arguing that the state has attempted to avoid duplication in calling witnesses. Here, because the prosecutor emphasized that the witnesses he did not call were minor witnesses who could not testify as to defendant's guilt, the prosecutor's statement probably would have been permitted by the trial court had the prosecutor requested permission.

(b) The next statement by the prosecutor requiring mention was as follows:

"* * * The testimony of all three of these young ladies is uncontradicted despite the rigid cross examination that they went through. They were all positive at the lineup; they were all positive now. It's not a case where a person isn't sure at first and suddenly becomes sure, or is sure at one time and has doubts as time goes on."

In using the word "uncontradicted" the prosecutor probably did not intend to improperly suggest that defendant had an obligation to call witnesses. See, State v. Fields, 306 Minn. 521, 237 N. W. 2d 634 (1976). However, we think prosecutors should avoid using the phrase "uncontradicted" when referring to the state's evidence. See, Doty v. United States, 416 F. 2d 887 (10 Cir. 1968, 1969).

(c) In commenting on the presumption of innocence, the prosecutor stated as follows:

"The presumption of innocence that this defendant has abides with every defendant that comes to trial in every single criminal case, but it's a shield for the innocent, it's not a cloak that the guilty can hide behind. When the State has proven its case the presumption of innocence falls like a cloak, it drops, it disappears. The defendant was presumed innocent when he robbed Miss Swiss; he's presumed innocent at the lineup; he's presumed innocent at the preliminary hearing; he's presumed innocent now until you get to the jury room, and that is the way it should be, and then it disappears."

This statement was clearly improper and in a closer case would require reversal. State v. Thomas, 307 Minn. 229, 239 N. W. 2d 455 (1976).

(d)   Finally, in improperly trying to interpret for the jury the meaning of defendant's plea of not guilty, the prosecutor stated as follows:

"* * * But keep in mind one thing if you will, please. A plea of guilty if accepted by the Court is sufficient; a finding of guilty by a jury is equally sufficient to find a person guilty. On the other hand, a plea of not guilty can mean one of two things: It can mean I really didn't do it and I'm really innocent, or it can mean prove it, and every person is entitled to have it proven if they wish, and I submit that is the case here."

By this statement the prosecutor in effect impermissibly invited the jury to speculate upon the meaning of defendant's not guilty plea and suggested that it did not mean defendant claimed he was innocent.

The prosecutor and the defense counsel have considerable latitude in closing argument, for neither is required to make a colorless argument. However, where the final argument comes so close to impugning the defendant's fundamental rights it may well, in a closer case, mandate a new trial.

Affirmed.