STATE of Minnesota, Respondent,

v.

Christopher Nathaniel MILES, Appellant.

No. 46139.

Supreme Court of Minnesota.

May 27, 1977.

C. Paul Jones, Public Defender, Rosalie E. Wahl, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Edwin M. Wistrand, Asst. County Atty., Anoka, for respondent.

## PER CURIAM.

This is an appeal from a conviction of aggravated robbery under Minn.St. 609.245 following trial by jury. Appellant also seeks review of an order denying postconviction relief, the matter having been remanded, during the pendency of the direct appeal, for hearing on a petition for such relief. The issues on appeal are whether the defendant was denied his right to effective assistance of counsel and whether the prosecutor committed misconduct in his closing argument. We affirm.

■ As we stated recently on petition for rehearing in *White v. State,* Minn., 248 N.W.2d 281, 285 (1976), a defendant is entitled to "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." In the instant case the postconviction court considered defendant's claim that he did not receive effective representation from the public defender who represented him, and concluded that counsel may have erred (a) in recommending to defendant that he waive a *Rasmussen* hearing on the admissibility of a confession, and (b) in failing to try to obtain testimony from defendant's doctor to support defendant's claim that an arm cast he was wearing at the time of the robbery would have prevented him from holding a gun in his hand, as the robber did. Although concluding that counsel may have erred in these two respects, the court held that defendant was not prejudiced by the errors because (a) evidence introduced at the postconviction hearing demonstrated that the confession was properly admitted, and (b) defendant had not shown that his doctor would have given testimony to contradict other trial testimony that the cast did not prevent defendant from holding a gun.

■ In his closing argument the prosecutor commented on defendant's not guilty plea, saying that even though the evidence against him was overwhelming defendant had pleaded not guilty and that by that plea he was in effect challenging the state to prove him guilty. In *State v. Jensen,* Minn., 242 N.W.2d 109 (1976), we held that comments such as this are improper. However, the argument in this case preceded our holding in the Jensen case. Further, the evidence against defendant was overwhelming and therefore it was extremely unlikely that the comment affected the verdict. Since defendant was not prejudiced by the comment, it follows logically that he was not prejudiced by counsel's failure to object to it.

In conclusion, we are satisfied that defendant received a fair trial and that any errors committed by either the prosecutor or by defense counsel did not prejudice him.

Affirmed.