STATE of Minnesota, Respondent,

v.

**Larry Edward ALEXANDER, Appellant.**

**No. 46774.**

Supreme Court of Minnesota.

Oct. 28, 1977.

C. Paul Jones, Public Defender, Rosalie E. Wahl, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson and Phebe S. Haugen, Asst. County Attys. and Lee Barry, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant, who was found guilty by a district court jury of a charge of burglary with a tool, Minn.St. 609.58, subd. 2(1)(a), and was sentenced to a maximum term of 20 years in prison, appeals from judgment of conviction, raising a number of issues. We affirm.

■ The first issue relates to the admission of evidence of three other burglaries in which defendant participated. Defendant contends that the evidence should not have been admitted because the state did not give timely written notice of intent to use this evidence and there was not clear and convincing evidence of defendant's participation in those crimes. (a) It is true that the state did not give written notice on or before the date of the omnibus hearing as required by Rule 7.02, Rules of Criminal Procedure. However, defendant received actual notice at the omnibus hearing and written notice a short time thereafter and approximately 4 months before trial. Defendant has not shown that he was prejudiced by the tardiness of the written notice.

See, *State v. Schweppe,* 306 Minn. 395, 237 N.W.2d 609 (1975). (b) Defendant's contention that there was not clear and convincing evidence of his participation in the other crimes is answered by our recent decision in *State v. Titworth,* Minn., 255 N.W.2d 241 (1977).

■ We also believe that the trial court properly admitted evidence that a silverware bag was seized from defendant's car shortly after he was arrested. This evidence was significant circumstantial evidence because in one of the other burglaries in which defendant participated, a burglary thwarted by the appearance of a neighbor, silverware had been set aside to be taken.

■ Defendant's third contention is that the prosecutor committed misconduct in his closing argument. The prosecutor did improperly comment on the meaning of defendant's not guilty plea, something we do not condone—see, *State v. Miles,* Minn., 255 N.W.2d 48 (1977), and *State v. Jensen,* Minn., 242 N.W.2d 109 (1976). Defendant failed to object at trial to this or any of the other statements which he now finds objectionable. We do not find any of the statements deprived him of a fair trial.

There is no merit to defendant's contention relating to the sufficiency of the evidence.

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.