STATE of Minnesota, Respondent,

v.

Bert Ernest DABY, Jr., Appellant.

No. 46122.

Supreme Court of Minnesota.

Dec. 9, 1977.

Connolly & Heffernan and John S. Connolly, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of two counts of indecent liberties, Minn.St.1974, § 609.296, subd. 2, and was sentenced by the trial court to a maximum term of 7 years in prison, with the sentence to run consecutively to a 30-year term for aggravated rape on which it was anticipated parole would be revoked. On this appeal from judgment of conviction, defendant contends (1) that the police did not have probable cause to arrest him and therefore the court erred in denying his motion to suppress all the incriminating evidence which was the fruit of that arrest, and (2) that the prosecutor committed prejudicial misconduct in his closing argument. We affirm.

■ There is no merit to the first issue. The police had a detailed description of the man who on July 16, 1974, committed the two assaults with which we are concerned and had strong grounds for believing that he was the same man who later, on July 19, committed a similar crime against a 16-year-old girl in the same general area of St. Paul near Summit Avenue and Mississippi River Boulevard. On July 22, while on a stakeout of this area at the general time of day the other crimes had been committed, they observed a mid-1960's, beige-colored, "three-holer" Buick sedan which fit the description of the car of the assailant given by the 16-year-old girl who was attacked on July 19. Following this car in unmarked police cars, the officers got a good look at the driver, defendant, and then observed him get out of his car on the Minneapolis side of the river and look toward the area where the assaults on July 16 occurred. The officers concluded that they had probable cause to arrest defendant because he fit the description of the girls' assailant, because his car closely fit the description of the assailant's car, because their observations were made in the same area of the crimes and at the same general time of day, and because of defendant's suspicious conduct. We agree with the officers' assessment of probable cause.

■ The statements of the prosecutor, which defendant now contends denied him a fair trial, included a statement in which the prosecutor misrepresented the nature of the presumption of innocence and a statement in which the prosecutor urged the jury to speculate that defendant pleaded not guilty, not because he was innocent but because he wanted to force the state to prove him guilty. These statements were objectionable but preceded the opinions of this court which declared them to be objectionable. See, *State v. Hill,* Minn., 253 N.W.2d 378 (1977); *State v. Miles,* Minn., 255 N.W.2d 48 (1977); *State v. Jensen,* Minn., 242 N.W.2d 109 (1976); *State v. Thomas,* 307 Minn. 229, 239 N.W.2d 455 (1976). Also, defendant apparently did not object to the statements, and the evidence of defendant's guilt was so strong that it is extremely unlikely that the statements played a role in influencing the jury to find defendant guilty. While we do not condone the statements, we conclude in this case that they were harmless error.

Affirmed.