**STATE of Minnesota, Respondent,**

v.

**Brian BEIER, Appellant.**

**No. 47001.**

Supreme Court of Minnesota.

Feb. 3, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., John A. Winters, County Atty., Crookston, for respondent.

PER CURIAM.

Defendant was acquitted by a district court jury of charges of third-degree murder, Minn.St. 609.195(2), and indecent liberties, Minn.St.1974, § 609.296, subd. 1(2), but was found guilty of a charge of attempted sexual intercourse by one over 18 years of age with a child between 16 and 18 years old, § 609.295(4). The trial court sentenced defendant to the maximum term permitted, 1½ years in prison, §§ 609.17, 609.295(4). On this appeal defendant contends that there was insufficient evidence of guilt and that the prosecutor committed prejudicial misconduct in his closing argument. We affirm.

This prosecution arose from an incident which occurred late on the evening of April 18, 1975, when defendant left a dance with a high school junior he had met that evening, took her on a ride in his car, and tried to have sexual intercourse with her. The girl did not consent and managed to pull away from defendant and leave the car, running into a muddy field toward the nearest town, which was approximately 1 mile away by the direct route across the field. The evidence introduced by the state indicated that as she neared the town the girl collapsed and fell face down into the mud and that death resulted shortly thereafter by asphyxiation (ingestion of mud into the mouth and upper trachea).

While there was evidence from which the jury properly could have inferred that defendant had attempted to rape the victim, defendant was never charged with attempted rape and the jury had to analyze the facts in the framework of the charges submitted to it. We express no opinion on whether the evidence would have supported a guilty verdict to either of the two charges of which defendant was acquitted. All we are asked to determine is whether there was sufficient evidence to support the guilty verdict of attempted sexual intercourse with a child. We have absolutely no hesitancy in concluding that there was more than sufficient evidence to support the verdict of guilty of attempted sexual intercourse with a child.

Defendant also contends that the prosecutor committed prejudicial misconduct in his closing argument. The prosecutor, in discussing the presumption of innocence, did improperly state that the presumption was not a shield to protect the guilty. This was error under our opinion in State v. Thomas, 307 Minn. 229, 239 N.W.2d 455 (1976), but the argument preceded the filing of the opinion. Further, defense counsel did not object to the argument and it is clear from the verdicts that the jury took the presumption seriously.

We have also considered defendant's claim as it relates to other statements made by the prosecutor. We are satisfied that no prejudicial misconduct was committed.

Affirmed.