STATE of Minnesota, Appellant,

v.

Darrell James ROY, Respondent.

No. 47751.

Supreme Court of Minnesota.

April 28, 1978.

---

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., David W. Larson, Phebe S. Haugen and Lee Barry, Asst. County Attys., Minneapolis, for appellant.

Meshbesher, Singer & Spence, Ronald I. Meshbesher and Carol M. Grant, Minneapolis, for respondent.

Heard before ROGOSHESKE, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is a pretrial appeal by the state from an order of the district court suppressing evidence in a prosecution of defendant for first degree murder. The issue presented for determination is the legality of the warrantless seizure of defendant's automobile in Alexandria and its towing by police to Minneapolis, where it was searched pursuant to a warrant. We conclude that the warrantless seizure and removal of the automobile did not violate the Fourth Amendment and that the evidence discovered in the subsequent warranted search should be admitted at defendant's trial. Accordingly, we reverse the suppression order and remand for trial.

The basis for the trial court's ruling was that the warrantless seizure of defendant's automobile did not fall within any of the exceptions to the warrant requirement of the Fourth Amendment and that the police, having had ample opportunity to apply for and obtain a warrant, erred in failing to do so. We agree with the state that the seizure and towing of defendant's automobile were permissible under the so-called motor vehicle exception to the warrant requirement.

The Supreme Court's decisions explicating the motor vehicle exceptions are based on two distinct characteristics of automobiles: their inherent mobility, which often gives rise to exigent circumstances rendering the procurement of a warrant impracticable, and the lesser expectation of privacy surrounding the automobile. *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

Of these decisions, we believe for several reasons that *Chambers v. Maroney, supra,* is most relevant here. First, the *Chambers* court approved a warrantless search of an automobile not incident to arrest because there was probable cause to believe that the vehicle contained contraband. Secondly, the court rejected the argument that only the immobilization of the automobile should be permitted until a search warrant is obtained, saying that there is little difference between the immediate search of an automobile without a warrant and the automobile's immobilization pending the securing of a warrant. Finally, the court held that if the police could search the automobile at the scene where it was stopped without first obtaining a warrant, then they constitutionally could do so later at the station house without first obtaining a warrant.

The argument that *Chambers* was somehow altered by the court in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), was rejected by this court in *State v. Thiel,* 299 Minn. 179, 217 N.W.2d 499 (1974). The Supreme Court's decisions subsequent to *Coolidge*—see, especially, *Texas v. White, supra,* and *Cardwell v. Lewis, supra,*—make it clear that *Coolidge* did not alter *Chambers.*

In this case the police at the time they immobilized defendant's car had probable cause to believe that it had been used as an instrumentality of a crime and that it contained evidence of a crime. Either of these probabilities might have justified the search of defendant's automobile, but the police resorted to the lesser intrusion of simply seizing the car and towing it to Minneapolis, where they obtained a warrant to search it. Defendant certainly had no expectation of privacy in the exterior of the vehicle— cf., *Cardwell v. Lewis, supra,*—and whatever expectation of privacy defendant had in the interior portions of the automobile was not invaded by the warrantless seizure and towing. The police decision to tow the vehicle to Minneapolis, where the search warrant was obtained, was obviously a reasonable decision because that is where the alleged crime was committed, that is where defendant lived, and that is where he was in custody. Even more importantly, it would seem that the towing of the vehicle to Minneapolis could be expected to facilitate a more thorough search of the vehicle.

In summary, while it would have been preferable for the police to secure a warrant before towing the vehicle, the Supreme Court's decisions—especially the *Chambers* decision—make it clear that the police were under no constitutional obligation to secure a warrant before doing so.

Reversed and remanded for trial. Defendant is awarded $200 attorneys fees pursuant to Rule 29.03, subd. 2(8).