STATE of Minnesota, Respondent,

v.

James Carl JOHNSON, Appellant.

No. 82–157.

Supreme Court of Minnesota.

Aug. 31, 1982.

C. Paul Jones, Pub. Def., and Kathy King, Asst. Pub. Def., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Marcy S. Crain, Asst. County Atty., Anoka, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of assault in the second degree, Minn.Stat. § 609.222 (1980) (assault with a dangerous weapon), and was sentenced by the trial court to 54 months in prison.[1] On this appeal from judgment of conviction, defendant contends that he was denied a fair trial by (1) a prosecution witness' violation of the sequestration order, (2) the trial court's evidentiary rulings, (3) the prosecutor's closing argument, and (4) defense counsel's failure to represent him effectively. We affirm.

The state's evidence established that early on May 28, 1981, several hours after being fired by his supervisor from his job in West St. Paul, defendant followed the supervisor as he drove toward his house in East Bethel. As the victim was proceeding north on Highway 65 in Ham Lake, defendant, who was driving a green Pinto with

---

1. The offense was committed with a firearm on May 28, 1981, and therefore the 3-year minimum term requirement of Minn.Stat. § 609.11, subd. 5 (Supp.1981), which became effective on May 20, 1981, applied. A 3-year minimum term becomes a 54-month term under II.E. of the Minnesota Sentencing Guidelines. Assuming good behavior, defendant will be entitled to be released from prison after serving ⅔ of this sentence, which is 3 years.

dim headlights and no taillights, pulled up next to him and fired a number of shots at his car, striking the left rear hubcap and tire.

The victim immediately contacted an Anoka sheriff's deputy, who broadcast a report of the incident. Two Blaine officers had just seen defendant's car proceeding past them south on Highway 65. One of these officers, believing that defendant might realize that his car was having electrical problems and might drive into a station to check out the problem, drove by an all-night station on Highway 65 just north of the interchange with Highway 10. There he saw defendant's car in one of the service stalls.

Upon seeing the officer drive by, defendant asked the attendant how often the police drove by and added that he was "pretty hot tonight." In talking with this attendant about their mutual interest in guns, defendant had also displayed two guns which he got from his car, one a .41 caliber revolver, the other a .22 caliber semiautomatic pistol.

Meanwhile, after spotting defendant's car, the Blaine officer obtained backup assistance and then approached defendant on foot and explained that a deputy sheriff wanted to talk with him about an incident in Ham Lake. The deputy sheriff then approached and arrested defendant for "felony assault." As he was being frisked, defendant said, "What do you think, I've been shooting my cannon off?"

Two empty .41 caliber bullet casings were found in defendant's jean vest. In the back seat, the officers found a .41 caliber revolver containing six spent casings. The more careful, but apparently incomplete, search of the car after it was towed resulted in the discovery of .41 caliber ammunition in defendant's knapsack, an empty .22 caliber casing, and an empty clip from a .22 caliber pistol. Defendant's car was released before the officers learned that a .22 caliber gun might have been used and before they learned that defendant had shown such a gun to the station attendant.

Our examination of the record convinces us that the evidence of defendant's guilt was overwhelming and that there is no merit to defendant's contention on appeal that he was denied a fair trial.

■ 1. Defendant's contention that the testimony of one prosecution witness, a deputy sheriff, should have been excluded because that witness violated the court's sequestration order is based on in-chambers testimony that, while he was waiting to testify, this officer made certain statements to other officers who were waiting to testify. Although it appears that certain statements were made in violation of the sequestration order, which barred witnesses from talking to each other about the case, there is no indication in the record that the statements were made in an attempt to influence the testimony of the other witnesses or that the statements did influence the testimony of these other witnesses. The only real issue was whether, as defendant's sister contended, the jurors were leaving the courtroom when the statements were made. The trial court conducted a careful inquiry and concluded that no juror had been exposed to the statements. The evidence supports this conclusion.

■ 2. Defendant's second contention is that the trial court erred in admitting the .41 caliber revolver, the spent .41 caliber casings, photographs of the interior of defendant's car, and defendant's statement to the deputy as the deputy was frisking him. The gun and the casings were properly offered and admitted as evidence tending to connect defendant to the crime and were not offered and admitted to create unfair prejudice to the defense. *State v. Webber*, 292 N.W.2d 5 (Minn.1980). The photographs were clearly relevant in that they depicted the blanket in which the .41 caliber revolver was found and showed that there were numerous objects in the car and that it was possible that, in a hasty search of the interior, a .22 caliber pistol could have gone unnoticed. Defendant's statement while being frisked was clearly admissible as evidence showing a consciousness of guilt.

3. Defendant's contention that the prosecutor committed misconduct in closing argument is based on a statement by the prosecutor that asked the jurors to consider whether or not they would be put in fear if someone followed them at night and shot at them. Generally, arguments that invite the jurors to put themselves in the shoes of the victim are considered improper. Although the argument in this case therefore may have been improper in form, it certainly was not improper in content. The prosecutor basically argued that shooting a gun at someone driving a car is an assault, an issue that was not in dispute but which, nonetheless, was an issue for the jury to decide. More importantly, the argument was not made in a way calculated to cause the jury to decide the case on the basis of passion rather than reason and there is no reason to believe that defendant was prejudiced by the argument.

4. Defendant's final contention is that his trial counsel did not represent him effectively.

Defendant is correct in contending that defense counsel should have objected to the trial court's verdict forms, which started by stating that, "We, the jury impaneled and sworn to try the guilt *or innocence* of the above-named defendant ...." Technically, a verdict of not guilty is not the same as a verdict of innocence. *See State v. Caldwell*, 322 N.W.2d 574 (Minn.1982); *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979); *Brouillette v. Wood*, 636 F.2d 215 (8th Cir. 1980), *cert. denied*, 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). It is clear, however, that the court's instructions did not leave the jury with a false impression concerning the meaning of a not guilty verdict, and we are satisfied that defendant, therefore, was not prejudiced by the phraseology of the verdict forms.

Defendant also argues that defense counsel erred in not moving to suppress evidence found in the warrantless search of defendant's car after the car was towed. The rule, however, is that if police may search a vehicle at the scene without first obtaining a warrant, then they constitutionally may do so later at the station without obtaining a warrant. *State v. Veigel*, 304 N.W.2d 900, 902 (Minn.1981) (citing *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) ). *See also Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *State v. Roy*, 265 N.W.2d 663 (Minn.1978). Thus, it would not have done defense counsel any good to challenge the warrantless search following the tow.

The only other claimed error by defendant's trial counsel is in eliciting evidence from a defense "expert," a fellow employee of defendant, that, in his opinion, a .22 caliber gun had fired the shots at the victim's car. Since this is an appeal from judgment of conviction, we do not have the benefit of all the facts why defense counsel elicited this evidence. *State v. Zernechel*, 304 N.W.2d 365, 367 (Minn.1981). The record on appeal does not necessarily mandate the conclusion that defense counsel made a mistake in eliciting this evidence. In any event, if it was a mistake, it was a mistake in strategy and, further, defendant has not established that he was prejudiced by the mistake.

Affirmed.