**STATE of Minnesota, Respondent,**

v.

**Steven Allen BOHLSEN, Appellant.**

**No. C1–94–177.**

Supreme Court of Minnesota.

Dec. 23, 1994.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Steven Allen Bohlsen for further review of the unpublished 2–1 decision of the court of appeals in the above-entitled matter be, and the same is, denied. However, we take this opportunity to caution prosecutors against making the kind of closing argument with respect to the presumption of innocence that the prosecutor made in this case.[1] This

---

1. The prosecutor said:

One of the important things that we have in our criminal justice system is this presumption of innocence. And when you really think about it, what does that mean? All that really means is that in all criminal cases, the defen-

dant is presumed to be innocent. And isn't that the way it should be?

The State of Minnesota brought these charges against the defendant. Therefore, doesn't it make sense that the State should have the burden, and that the defendant should not be required to prove his innocence? That makes sense. But keep in mind the State accepts this burden. It's not an unrealistic burden, it's not an impossible burden; rather, it's truth beyond a reasonable doubt, not proof

argument was improper, as our decision in *State v. Jensen*, 308 Minn. 377, 242 N.W.2d 109 (1976), makes clear. *See also State v. Thomas*, 307 Minn. 229, 239 N.W.2d 455 (1976). As the dissenting judge in the court of appeals in this case stated, the argument—which manages to *assume* the defendant's guilt while saying that the defendant is presumed innocent—"mocks" the presumption of innocence. As we said in *State v. DeVere*, 261 N.W.2d 604, 606 (Minn.1977), "the prosecutor, to be fully safe, should try to adhere as closely as possible to the normal statement of the presumption" when talking about the presumption of innocence in closing argument. As we further said there:

> Justice Mitchell's statement in *State v. Sauer*, 38 Minn. 438, 439, 38 N.W. 355, 356 (1888), still merits consideration by both court and counsel by attempting to explain the presumption of innocence:
>
>> Where any explanation of what is meant by a reasonable doubt [or the presumption of innocence] is required, it is safer to adopt some definition which has already received the general approval of the authorities, especially those in our own state.

The error in this case was not prejudicial. However, as prosecutors know, in a number of recent cases we have reversed convictions on the basis of prosecutorial misconduct in closing argument notwithstanding the lack of prejudice. We have done so in the interests of justice and for prophylactic purposes. *See, e.g., State v. Salitros*, 499 N.W.2d 815 (Minn.1993). Prosecutors who use an argu-

ment such as this with respect to the presumption of innocence in the future will risk reversal in the interests of justice. Denied.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice

beyond all doubt or to a mathematical certainty.

So when the defendant called Richard Smith *to see if he knew of anyone who could purchase cocaine*, the defendant was presumed to be innocent. When Smith put the defendant in contact with Payne, and the defendant struck a deal to purchase cocaine, the defendant was presumed to be innocent.

When the defendant drove his car on April 1, 1993, at approximately 7:30 p.m., to pick up Smith and Payne in Buffalo, then take him out to the Clearwater Plaza so that Payne could purchase some cocaine, the defendant was presumed to be innocent.

At the Clearwater Plaza when the defendant gave Payne money to buy one ounce of co-

caine, the defendant was presumed to be innocent. When the defendant flicked his lights as a signal to the vehicle that the players were there in the purchasing of this cocaine, the defendant was presumed to be innocent.

When the defendant was observed by officers attempting to hide or conceal something, of which we now know to be a cocaine sifter, the defendant was presumed to be innocent. And when the officers removed from the defendant a $100 bill, the defendant was presumed to be innocent.

But, now, when does the defendant no longer enjoy this presumption of innocence? It's when you ladies and gentlemen of the jury are satisfied that the State has proved its case beyond a reasonable doubt, not all doubt.