STATE of Minnesota, Respondent,

v.

Qasim Abdi BASHIRE, Appellant.

No. C2–99–465.

Court of Appeals of Minnesota.

Feb. 1, 2000.

Review Denied March 28, 2000.

Mike Hatch, Attorney General, St. Paul, MN, and Amy Klobuchar, Hennepin County Attorney, Paul R. Scoggin, Assistant County Attorney, Minneapolis, MN (for respondent).

John M. Stuart, State Public Defender, Melissa Sheridan, Assistant Public Defender, St. Paul, MN (for appellant).

Considered and decided by SHUMAKER, Presiding Judge, LANSING, Judge, and HALBROOKS, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Qasim Bashire appeals from judgment of conviction of two counts of criminal sexual conduct. He contends that the trial court deprived him of his right to a public trial by closing the courtroom; that the trial court erred by refusing to instruct the jury on indecent exposure as a less serious offense; and that the prosecutor committed unduly prejudicial misconduct during her final argument. We affirm.

## FACTS

On February 15, 1998, M.R., a 14-year-old girl, and her girlfriend L.M. went to an apartment building in Minneapolis with Qasim Abdi Bashire and two of his male companions. Alleging that Bashire and several other men sexually assaulted the girls at the apartment building, the state charged Bashire with first-degree and third-degree criminal sexual conduct against M.R. Bashire pleaded not guilty and demanded a jury trial.

Before the trial began, the prosecutor moved to close the courtroom to "spectators unrelated to the case during the testimony of" M.R., and L.M., who was also allegedly sexually assaulted by Bashire. Defense counsel did not object, stating instead that he had "no difficulties with" the prosecutor's request. He asked only that Bashire's mother be allowed to remain in the courtroom. The trial court granted the prosecutor's motion and defense counsel's request, but made no finding of a necessity for closure.

The state's evidence showed that Bashire gave false identifications to the girls so they could enter the apartment building. Inside, various men forced M.R. to perform oral sex on them. At one point during the assaults, Bashire approached M.R. with his penis exposed and told her to "lick it." She tried to push him away but he forced his penis into M.R.'s mouth and withdrew it and masturbated until he ejaculated on her mouth, hair, and coat. Testing revealed approximately 80 semen stains on M.R.'s clothes, six of which matched Bashire's DNA.

Testifying in his defense, Bashire stated that he and M.R. were in a stairwell in the

apartment building. She said he was handsome, and told him that if he could get alcohol or drugs for her they could have a good time. She offered to "do everything for you but I have my period." Bashire told her that the rules of his religion forbade him from having physical contact with her while she was menstruating. As an alternative, he masturbated and ejaculated on her. He denied forcing her to perform oral sex on him.

At the conclusion of the trial, Bashire requested a jury instruction on indecent exposure. He contended that indecent exposure was a less serious crime and was consistent with the theory of his defense. Ruling that indecent exposure is not a lesser-included offense of criminal sexual conduct, the trial court refused Bashire's request.

During her final argument, the prosecutor said that the assaults on M.R. were everyone's worst nightmare, and that M.R. took risks she should not have taken but did not deserve what happened to her. The prosecutor told the jury to imagine what it would be like to have "your" head held during multiple assaults, and she stated that "every one of us" has put ourselves in risky positions. She also referred to Bashire's defense strategy as "the oldest game in town." Defense counsel did not object to the argument or request a curative instruction.

The jury found Bashire guilty of one count of first-degree and one count of third-degree criminal sexual conduct. Bashire appealed.

## ISSUES

1. Did appellant waive error when he failed to object and agreed to a closure of the courtroom for the testimony of two juvenile victims?

2. Did the trial court err in refusing to instruct the jury on a crime less serious than those charged but that was neither a charged offense nor a lesser-included crime?

3. Did the appellant waive error predicated on improper remarks in the prosecutor's closing argument by failing to object or request a curative instruction and by failing to show that the remarks unduly prejudiced him?

## ANALYSIS

### Courtroom Closure

Before M R. testified at trial, the prosecutor moved to exclude from the courtroom "spectators unrelated to the case during the testimony of the victim * * * and during the testimony of any juvenile witnesses." After suggesting that Bashire was entitled to have his mother present in the courtroom, defense counsel stated, "The prosecutor's concern regarding other spectators in the courtroom, I don't have any difficulties with." The prosecutor did not object to allowing Bashire's mother to remain in the courtroom, and the trial court granted the motion.

The court initially denied the motion as to "juvenile witnesses," stating that the statute allowing closure of the courtroom pertains to juvenile crime victims. The prosecutor then pointed out that L.M., one of the juvenile witnesses, was also allegedly sexually assaulted by Bashire. The court then granted the motion as to her as well.

The prosecutor offered no reason for courtroom closure other than M.R. and L.M. were juveniles. The trial court referred to the statute allowing closure but made no findings of necessity for closure.

Minn.Stat. § 631.045 (1998) allows the trial judge to exclude the public from the courtroom during a juvenile crime victim's testimony, provided:

> The judge shall give the prosecutor, defendant and members of the public the opportunity to object to the closure before a closure order. The judge shall specify the reasons for closure in an order closing all or part of the trial.

In *State v. Fageroos*, 531 N.W.2d 199, 201–02 (Minn.1995), the supreme court acknowledged that the right to an open and public trial, although not absolute, is of constitutional importance. The court said that closure of the courtroom is not justified merely because a minor testifies, and that "[t]he trial court must articulate its findings with specificity and detail supporting the need for closure." *Id.* at 202. Quoting from a United States Supreme Court decision, the court set forth the closure standard to be applied:

> [T]he party seeking to close the hearing must advance an overriding interest that it is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Id.* at 201, quoting *Waller v. Georgia*, 467 U.S. 39, 48, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31 (1984).

■ Here, no one stated a reason for closing the courtroom beyond the fact that two juvenile crime victims would testify. The trial court made no findings regarding closure. On this record, closure was improper. *Fageroos*, 531 N.W.2d at 202. However, the dispositive issue is whether or not Bashire has waived the error by not only failing to object but also by agreeing to a limited closure.

In *State v. Thompson*, 430 N.W.2d 151, 152–53 (Minn.1988), the Minnesota Supreme Court considered a court of appeals holding that a trial court did not commit reversible error by excluding a criminal defendant from a hearing to determine the competency of a child who was about to testify against the defendant. The supreme court did not disagree with the court of appeals' analysis but said:

> Since the defendant's attorney did not request that defendant be allowed to be present or object to defendant's absence, the court of appeals should have simply held that the issue was forfeited.

*Id.* at 152 (citations omitted).

After noting that the issue implicates the constitutional rights of confrontation and due process, and holding that a competency hearing is a stage of the trial at which the defendant is entitled to be present, the supreme court further stated:

> [I]f defendant or his attorney had asserted defendant's right to be present in this case, it would have been error for the trial court to deny defendant that right and we would have to determine whether or not the error was prejudicial.

*Id.* at 153.

We hold that by failing to object to courtroom closure and by agreeing to a limited closure, Bashire forfeited any error resulting from the absence of a finding supporting the closure. Furthermore, Bashire has failed to show any prejudice as a result of the closure.

**Jury Instruction**

■ Whether or not a trial court must give a particular jury instruction raises an issue of law. *See Halla Nursery, Inc. v. Baumann–Furrie & Co.*, 454 N.W.2d 905, 911 (Minn.1990) (failure to give jury instruction was error of law). We review issues of law de novo. *See e.g., State v. Diedrich*, 410 N.W.2d 20, 22–23 (Minn. App.1987).

■ As a general rule, "a party is entitled to [a jury] instruction on his theory of the case if there is evidence to support it." *State v. Ruud*, 259 N.W.2d 567, 578 (Minn.1977). Bashire argues that "although he did not commit criminal sexual conduct, he probably was guilty of indecent exposure for exposing his penis and masturbating in a public place." He admits that indecent exposure is not a lesser-included offense of either charge in the case. But he contends that indecent exposure is both his "defense" and his theory of the case, and that he was entitled to an instruction on that crime.

■ Bashire relies on the general "theory of defense" rule to support the proposition that a criminal defendant is entitled to a jury instruction on a less serious offense than the crime charged even if that offense is neither a charged crime nor a lesser-included crime. We reject that proposition.

The precedential Minnesota cases Bashire claims support his argument do not do so.[1] None deals precisely with the issue of instructing on uncharged crimes that are not also lesser-included offenses. *See State v. Nielsen*, 467 N.W.2d 615, 619 (Minn.1991) (on charge of murder while committing criminal sexual conduct with force or violence, defendant contended that victim was dead before he had sexual intercourse with her. He requested instruction on bestiality, but court held that theory of defense was subsumed by instructions on elements of charged crime); *State v. Coleman*, 373 N.W.2d 777, 781 (Minn.1985) (defendant not entitled to theft by swindle instruction because that crime is not lesser-included offense of aggravated robbery); *Ruud*, 259 N.W.2d at 578–79 (in trial for theft and presenting false claim to public body, defendants not entitled to instruction on defense of reliance on accountant where that element was not included in crimes charged); *State v. Mitjans*, 394 N.W.2d 221, 229 (Minn. App.1986) (defendant was entitled to instruction on lesser-included offense supported by evidence).

In *State v. Gisege*, 561 N.W.2d 152 (Minn.1997), the supreme court discussed the fundamental rule that a defendant cannot be held to answer for a crime not charged. However, the court noted:

A jury can * * * find the defendant guilty of any lesser-*included* offense, whether or not the lesser-included offense was part of the complaint or indictment.

*Id.* at 157. The court then held:

* * * [W]e hold that the trial court had no discretion to grant the defendant's request for a jury instruction regarding a lesser but nonincluded offense, and therefore erred in instructing the jury on first-degree assault.

*Id.*

Finally, we note that Bashire's proposition potentially raises a serious issue of separation of powers. The decision to bring criminal charges lies exclusively with the prosecutor's discretion. *State v. Larson*, 369 N.W.2d 561, 564 (Minn.App.1985). Bashire's approach would give the courts discretion to present additional charges through jury instructions. The trial court did not err in refusing to grant Bashire's request for an instruction on an uncharged crime.

## Prosecutor's Final Argument

Bashire contends that the prosecutor committed misconduct in her final argument that played a substantial role in persuading the jury to convict him.

At the beginning of her argument, the prosecutor stated:

Ladies and gentlemen, what happened to [M.R.] was the worst nightmare of everyone. It was the worst nightmare of the parents of every teenage girl. [M.R.] made some choices that were unwise. Maybe you'll even conclude that they were stupid. She took some risks that never should have been taken, but no human being, no matter what they have done, deserves what happened to her that night.

In your deliberations please take a moment to think about what it was like to be in that tiny bathroom surrounded by ten men, all of whom are speaking a

---

1. Bashire also cites the unpublished Minnesota Court of Appeals decision in *State v. Olson*, No. C5–93–849, 1994 WL 1112 (Minn.App. Jan.4, 1994), *review denied* (Minn. March 15, 1994), in support of the proposition that he is entitled to an instruction on an uncharged crime consistent with his theory of defense. *Olson* appears to say that, but does so without any specific authority on this precise issue. We do not find *Olson* persuasive or helpful.

different language. What it must have been like to be in that stairway with your head being held by one person while another assaulted you in that way.

Bashire asserts that these comments invited the jurors to put themselves in M.R.'s shoes. He argues that the prosecutor later returned to this theme by stating that "every one of us" has done something risky that, in hindsight, we should not have done. The prosecutor then said:

> Every one of us has put ourselves at risk in some way some time in our lives, and the defense wants to blame the victim, and the defense wants to blame the victim to take the focus off Mr. Bashire, and that, ladies and gentlemen, is the oldest game in town, to put the victim on trial. Don't let it happen.

Not only did the prosecutor continue to urge the jurors to put themselves in M.R.'s place, according to Bashire, but she also improperly belittled his defense.

We first note that Bashire failed to object to the prosecutor's final argument and failed to request a curative instruction:

> Generally, a defendant is deemed to have waived the right to raise an issue on appeal concerning the prosecutor's comments during closing argument if the defendant fails to object or seek cautionary instructions.

*State v. Whittaker*, 568 N.W.2d 440, 450 (Minn.1997) (citations omitted). Even if a defendant fails to object to an improper argument, his conviction may be reversed if the prosecutor's comments were unduly prejudicial. *Id.*

"Generally, arguments that invite the jurors to put themselves in the shoes of the victim are considered improper." *State v. Johnson*, 324 N.W.2d 199, 202 (Minn.1982). When the prosecutor used the phrase "every one of us," and suggested that the jurors try to imagine what it would be like "with your head being held," she invited the jurors to step into M.R.'s shoes. This was improper.

But the comments were improper only in form and not in content. *See id.* (prosecutor's suggestion that jurors consider whether *they* would be put in fear had someone shot at them at night was improper only in form and was not prejudicial to defendant). Had the prosecutor changed a few words, there would have been no basis for complaining about the argument. For example, had she told the jurors to imagine what it would be like for M.R. with *her* head being held, the comment would have been a proper reference to the particulars of the alleged criminal activity. Furthermore, the prosecutor's invitation to the jurors to put themselves in M.R.'s place occurred in three brief statements and was not a "theme" running throughout the prosecutor's argument, as Bashire claims. In assessing the likely prejudicial effect of improper comments in a prosecutor's final argument we consider, among other factors, how extensive the comments were. *Whittaker*, 568 N.W.2d at 451 (citations omitted). This aspect of the prosecutor's argument was not unduly prejudicial to Bashire.

It is improper for a prosecutor to disparage a defendant's defense. *State v. Griese*, 565 N.W.2d 419, 427 (Minn. 1997); *State v. Williams*, 525 N.W.2d 538, 549 (Minn.1994). Bashire claims the prosecutor did this by saying that it "is the oldest game in town" to put the victim on trial. The credibility of both M.R. and Bashire was central to this case. Bashire suggested that M.R. initiated the possibility of sexual contact and his defense attorney vigorously assailed M.R.'s credibility. It was not improper for the prosecutor to urge the jury to focus on Bashire's conduct rather than M.R.'s. However, it was improper for the prosecutor to refer to the defense as a "game." Nevertheless, Bashire has failed to demonstrate how this isolated comment unduly prejudiced him.

## DECISION

By failing to object or to request appropriate instructions, appellant waived any

error resulting from the prosecutor's improper remarks in her final argument or from the trial court's failure to make findings to support the closure of the courtroom. The trial court did not err by refusing to instruct the jury on a crime less serious than those charged but that was neither a charged crime nor a lesser-included offense.

**Affirmed.**