# STATE EX REL. ROBERT L. COLE v. RALPH H. TAHASH.

157 N. W. (2d) 735.

February 16, 1968—No. 41,041.

*Robert L. Cole,* pro se, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Peterson, JJ.

PER CURIAM.

Following our decision in State ex rel. Cole v. Tahash, 269 Minn. 1, 129 N. W. (2d) 903, making the writ of habeas corpus available to petitioner to test his claims that he has been subjected to cruel and unusual punishment during incarceration, he has filed numerous petitions for such writs in the district court. One of them, filed May 18, 1966, alleging the time, place, and circumstances of many claimed instances of cruel treatment, resulted in an evidentiary hearing commencing on that date and extending over several days. The trial court, based upon explicit findings of fact accompanied by a memorandum, denied this petition in an order dated January 12, 1967, and filed March 14, 1967. Petitioner, represented by the public defender, has appealed that decision to this court, the hearing of which has not yet been scheduled.

On June 15, 1967, while that appeal was pending, petitioner, appearing pro se in the district court and here, filed the petition which is the subject of this appeal. It was summarily denied July 31, 1967, upon the ground that it is a "repetition" of claims previously raised and denied. We agree.

While the substance of petitioner's allegations is that he was prevented by prison officials from sending letters claiming mistreatment to the governor and various other persons, the factual and legal issues raised in the instant petition are essentially the same as those raised and fully litigated at the earlier evidentiary hearing. The appeal from the findings and decision resulting from that hearing is being prepared by the public defender in petitioner's behalf and will be heard and reviewed by this court in due course. In our

opinion; petitioner's filing of repetitive pro se applications in the district court before his appeal is heard on the merits constitutes an abuse of process fully justifying summary dismissal. See, A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (tentative draft), § 6.2.

Affirmed.

## ON PETITION FOR REHEARING.

On March 29, 1968, the following opinion was filed:

PER CURIAM.

We are now advised that 3 days before this opinion was filed petitioner dismissed his appeal from the order dated January 12, 1967, denying relief after an evidentiary hearing on the merits of his claims. His failure to pursue that appeal supports our conclusion that his claims have been fully litigated and that this appeal from a denial of a repetitive petition constitutes an abuse of process. Rehearing denied.