ROBERT L. COLE v. STATE.

183 N. W. (2d) 290.

January 22, 1971—No. 41474.

*Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Petitioner appeals from an order denying relief in a postconviction proceeding arising out of a robbery prosecution which occurred in December 1955. He was found guilty and sentenced to a term of 10 to 80 years. There have been five other appeals in this and in the Federal court on related matters.[1]

Essentially, it is petitioner's position that he was the victim of an accumulation of encroachments on his rights, each insufficient to taint the conviction but in combination denying him a fair trial. State v. Biehoffer, 269 Minn. 35, 49, 129 N. W. (2d) 918, 927. The matters of which petitioner complains are as follows:

(1) Although the information charged that the crime was committed on July 7, 1955, petitioner's counsel was under the impression that it actually occurred at 12:20 a. m. July 8. Accordingly, three alibi witnesses directed their testimony to petitioner's whereabouts on the morning of the 8th. When it became apparent that the offense actually occurred on the morning of the 7th, the court advised the jury that counsel had conceded that fact and instructed them to give no further consideration to the alibi testimony. Petitioner contends that it was his lawyer's duty to seek a continuance and search for other alibi witnesses, and that it was error for the trial court to deprive petitioner of his alibi defense.

(2) Petitioner took the stand and by way of impeachment was interrogated concerning three prior convictions which petitioner denied. The court then charged the jury that through a clerical mistake the prosecutor had confused petitioner with another Robert Cole, and petitioner actually had only one prior felony conviction. This explanation was pursuant to an agreement between the attorneys that although petitioner denied he was guilty of forgery, he was in fact convicted of uttering a forged instrument.

---

[1] Cole v. Rigg, 261 Minn. 578, 111 N. W. (2d) 120; State ex rel. Cole v. Tahash, 263 Minn. 579, 116 N. W. (2d) 266; State ex rel. Cole v. Tahash, 269 Minn. 1, 129 N. W. (2d) 903; State ex rel. Cole v. Tahash, 279 Minn. 489, 157 N. W. (2d) 735; Cole v. Smith (8 Cir.) 344 F. (2d) 721.

(3)   The trial court instructed the jury to disregard statements by counsel raising the question of why the gun used in the robbery was not produced by the state. There was no testimony that the gun was found or that its whereabouts was known to the police.

(4)   The court neglected to instruct the jury that under Minn. St. 634.04, conviction cannot be had on the testimony of an accomplice unless it is corroborated. Although two accomplices testified against petitioner, his attorney neglected to ask for the instruction and failed to object to its omission.

(5)   The court sustained objection to testimony offered by petitioner that a wallet found on his person containing papers in someone else's name was not unlawfully obtained. However, the purpose of introducing the wallet was to show petitioner had used an assumed name and not to prove the wallet was stolen.

(6)   Finally, petitioner argues that privately retained counsel of his own choice was inadequate.

We have considered all of the claimed errors and find no merit in any of them except the court's failure to give the cautionary charge with respect to the testimony of an accomplice.[2] Clearly, it was error to overlook that instruction. Nevertheless, it is settled law that such an oversight is not reversible unless the charge is requested and denied. State v. Soltau, 212 Minn. 20, 26, 2 N. W. (2d) 155, 159; State v. Jones, 277 Minn. 174, 189, 152 N. W. (2d) 67, 78. In the instant case there was ample corroborating testimony by the victim on the critical issue of identification. An examination of the entire record satisfies us that defendant was not deprived of fundamental rights to which he was entitled and that the court's error did not deny him a fair trial.

Affirmed.

---

[2] Minn. St. 634.04 provides: "A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."