STATE v. JAMES DeWAYNE SHUPE.

196 N. W. 2d 127.

March 24, 1972—No. 42649.

C. Paul Jones, State Public Defender, and Kenneth F. Kirwin and Doris O. Huspeni, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, Keith M. Brownell, County Attorney, and Bruce Anderson, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Appeal from a judgment of conviction and an order denying a motion for a new trial following conviction by jury verdict pursuant to an information charging defendant with the offense of burglary under Minn. St. 609.58, subd. 2(3), and "with further reference to Minnesota Statutes, Section 609.05, constituting LIABILITY FOR CRIMES OF ANOTHER."

It is asserted on appeal that the conviction must be reversed because it rests upon the uncorroborated testimony of accomplices; the trial court failed to instruct as to the accomplice-corroboration rule, § 634.04; erroneous introduction of prejudicial evidence relating to crimes other than that with which defendant was charged; and prejudicial argument by the prosecuting attorney in final argument to the jury.

It appears that defendant, a middle-aged man, on the night of November 17, 1969, met three youths, one of whom, Walter Briggs, stated that he and another boy had burglarized the office of the Lorillard Company and had taken from it several decks of playing cards and some display packs of cigarettes. Thereafter, the other youths—James Berg and David Riley, about 14 years of age—went to the Lorillard address with defendant, James DeWayne Shupe, in his automobile. Berg and Riley entered the premises and stole several candy rolls. Defendant waited in the car outside, and upon their return they gave him some of the stolen candy. Later that evening the youths, with another friend, re-

turned to the Lorillard office and stole more goods. The next morning the same youths deviated from their paper routes and again entered the Lorillard office. They then took more merchandise and stashed it under the porch of a nearby house. The stolen property consisted of 164 key chains, 49 dozen Zippo lighters, 17 dozen pairs of nylon stockings, 4 cases of candy, 11 gun-type lighters, 10 Parker pens, 144 decks of playing cards, 40 cartons of cigarettes, and a 30-06 rifle. The youths testified that they gave some or all of this property, including the gun, to defendant a day or two later. The proof of defendant's involvement came from the testimony of Berg and Riley. The corroborating evidence was at best tenuous. Briggs' testimony was limited to the event of his meeting with defendant and the youths on the night of November 17, 1969, and defendant's daughter testified that, pursuant to a search warrant, the police had taken certain articles from her home, where defendant lived also, including candy and playing cards. The seized articles were not identified as part of the stock of merchandise taken from the Lorillard property.

Defendant's claim of error based on the court's failure to instruct as to the accomplice-corroboration rule might be disposed of because of the failure of defense counsel to request instruction. Cole v. State, 289 Minn. 503, 183 N. W. 2d 290 (1971); State v. Jones, 277 Minn. 174, 152 N. W. 2d 67 (1967); State v. Soltau, 212 Minn. 20, 2 N. W. 2d 155 (1942); State v. Quinn, 186 Minn. 242, 243 N. W. 70 (1932); State v. Lawlor, 28 Minn. 216, 9 N. W. 698 (1881). The claim that there was prejudice because of the introduction of other crimes might be properly disposed of by our statements in State v. Wofford, 262 Minn. 112, 114 N. W. 2d 267 (1962). We cannot escape the conclusion that the statement of the prosecuting attorney in final argument was so prejudicial as to require a new trial. In his argument, the prosecuting attorney told the jury:

"Now, as I mentioned in my opening statement, I was going to call a series of witnesses. Several of the witnesses I did not call * * *, this was due to unexpected illness and hospitalization so it's unfortunate that this supplementary testimony could not come in, but things like that happen."

We cannot assume that the jury was not influenced by the prosecutor's reference to the asserted fact that there was other testimony bearing upon defendant's guilt which he was prevented from submitting because of "unexpected illness and hospitalization." State v. Zecher, 267 Minn. 497, 128 N. W. 2d 83 (1964); State v. DePauw, 243 Minn. 375, 68 N. W. 2d 223 (1955). The fact that a cautionary instruction was given with reference to this argument does not make it less prejudicial. In

State v. Reardon, 245 Minn. 509, 513, 73 N. W. 2d 192, 195 (1955), we said:

"* * * Where * * * the impact of the prejudicial remark may be such as to impart to the minds of the jury substantial prejudicial evidence not properly a part of the case, it is taking too much for granted to say its effect can be removed by an instruction from the court."

See, also, State v. Silvers, 230 Minn. 12, 40 N. W. 2d 630 (1950); State v. Gress, 250 Minn. 337, 84 N. W. 2d 616 (1957); Chicago, M. & St. P. Ry. Co. v. Newsome, 174 F. 394 (8 Cir. 1909).

Reversed and new trial granted.