STATE v. MICHAEL RAY THOMAS.

232 N. W. 2d 766.

August 15, 1975—No. 44649.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, after being certified for prosecution as an adult, was found guilty by a Ramsey County District Court jury of aggravated rape, Minn. St. 1974, § 609.291(2), and sentenced by the trial court to the custody of the Youth Conservation Commission. He contends upon this appeal from judgment of conviction that he should be granted a new trial because (1) the trial court erred in admitting evidence of inculpatory statements he made to police following his arrest; and (2) the prosecutor, in his closing argument, made improper statements which prejudiced him. We affirm.

1. At the Rasmussen hearing, defense counsel, in urging the trial court to suppress the statement defendant made to police, relied upon Harling v. United States, 111 App. D. C. 174, 295 F. 2d 161 (1961). That case held that, regardless of the circumstances under which it was elicited, no statement made by a juvenile while under the jurisdiction of the juvenile court could be admitted at a trial of the juvenile in adult criminal court. Subsequently, in State v. Loyd, 297 Minn. 442, 212 N. W. 2d 671 (1973), we rejected the reasoning of the Harling case and held that a confession by a juvenile while under the jurisdiction of the juvenile court is admissible in an adult criminal prosecution (a) if he had been apprised of his constitutional rights when he made the statement and voluntarily and intelligently waived those rights, and (b) if the juvenile court atmosphere did not encourage the child to confess by making him believe that a protective, nonadversary relationship existed. Because of our decision in Loyd, defendant has abandoned any argument that the reasoning of the Harling case applies. Further, defendant does not contend that the juvenile court atmosphere played a role in defendant's making his inculpatory statements. Rather, defendant contends for the first time on appeal that the police should not have accepted his waiver of his right not to speak because he is slow mentally and therefore should have had counsel or at least a parent present. Because defendant failed to raise this issue below, it would not be necessary for us to consider it on appeal. However, as to the merits of this

issue, we held in State v. Hogan, 297 Minn. 430, 212 N. W. 2d 664 (1973), filed the same day as Loyd, that parental presence is only one of many factors to consider in determining whether a juvenile has voluntarily and intelligently waived his right to silence and that other factors involved in the totality of relevant circumstances include the juvenile's age, maturity, intelligence, education, experience, and ability to comprehend. Our review of the record discloses no error, based upon the rules in Loyd and Hogan, in the admission of the inculpatory statements.

2. Defendant's second contention, that the prosecutor committed prejudicial misconduct in his closing argument, relates primarily to the prosecutor's statement to the jury that he had attempted to avoid duplication in calling witnesses.[1] In State v. Shupe, 293 Minn. 395, 396, 196 N. W. 2d 127, 128 (1972), the prosecutor stated:

"Now, as I mentioned in my opening statement, I was going to call a series of witnesses. Several of the witnesses I did not call * * *, this was due to unexpected illness and hospitalization so it's unfortunate that this supplementary testimony could not come in, but things like that happen."

In granting a new trial in Shupe, we concluded (293 Minn. 396, 196 N. W. 2d 128):

"* * * We cannot assume that the jury was not influenced by the prosecutor's reference to the asserted fact that there was other testimony bearing upon defendant's guilt which he was prevented from submitting because of 'unexpected illness and hospitalization.'"

We adhere to our decision in Shupe that there may be circumstances in which it is prejudicial error for the prosecutor to state that he has failed to call witnesses who would, in effect, support the testimony of other witnesses. However, we also recognize that there may be circumstances in which a prosecutor should not be required to unnecessarily call multiple witnesses to the same fact situation, such as all policemen at the scene of an arrest or all firemen at the scene of a fire.

We have concluded that in those cases in which a prosecutor wishes to include a doubtful statement in final argument, it should first be discussed in chambers with the trial judge so that the trial judge may

---

[1] In his final argument the prosecutor stated, in part, as follows: "* * * From this entire list of persons that might be able to shed some light, some truth on what actually happened on October 20th, we have attempted to avoid duplication. We have refrained from calling witnesses who would merely repeat what other witnesses would say."

exercise his discretion as to whether such a statement should be included in the prosecutor's final argument. In this light the court should be guided by A. B. A. Standards for Criminal Justice, The Prosecution Function (Approved Draft, 1971) §§ 5.8 and 5.9.[2] In most cases, the trial judge may well conclude that the statement should not be made to the jury. If such be the case, the trial judge should instruct the defense attorney that he is to make no reference in his final argument to the fact that the prosecutor has failed to call the witnesses. Of course, any such witnesses should be made known to defendant so that defendant has an opportunity to call them. As to the defense conduct in general, the court should be guided by A. B. A. Standards for Criminal Justice, The Defense Function (Approved Draft, 1971) §§ 7.8 and 7.9.[3]

---

[2] A. B. A. Standards for Criminal Justice, The Prosecution Function (Approved Draft, 1971):

"5.8 Argument to the jury.

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

"5.9 Facts outside the record.

"It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice."

[3] A. B. A. Standards for Criminal Justice, The Defense Function (Approved Draft, 1971):

"7.8 Argument to the jury.

(a) In closing argument to the jury the lawyer may argue all reasonable inferences from the evidence in the record. It is unprofessional

We believe that the problem presented in this case can be resolved by such a balancing of interests by the trial court prior to final argument. If the defense attorney fails to comply with the direction of the trial court to refrain from mentioning the prosecutor's failure to call witnesses after the prosecutor has been directed not to make reference to such witnesses during his final argument, appropriate disciplinary action may be taken under the inherent powers of the court and under the Code of Professional Responsibility.[4]

In the instant case, it is unlikely that the prosecutor's statement infected the verdict, for it contains no prejudicial inference of supplementary evidence of guilt as prohibited in Shupe. Further, the failure of defendant to object to the statement at the time it was made leads to the conclusion that there is no basis for reversal.

Affirmed.

---

conduct for a lawyer intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for a lawyer to express his personal belief or opinion in his client's innocence or his personal belief or opinion in the truth or falsity of any testimony or evidence, or to attribute the crime to another person unless such an inference is warranted by the evidence.

(c) A lawyer should not make arguments calculated to inflame the passions or prejudices of the jury.

(d) A lawyer should refrain from argument which would divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused under the controlling law or by making predictions of the consequences of the jury's verdict."

"7.9 Facts outside the record.

"It is unprofessional conduct for a lawyer intentionally to refer to or argue on the basis of facts outside the record, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court can take judicial notice."

[4] Of course, the trial court may also give an appropriate instruction to the jury if defense counsel fails to follow the direction of the trial court.