## STATE v. ROBERT TERRIL DILLARD.

238 N. W. 2d 440.

January 30, 1976—No. 45317.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of aggravated robbery and indecent liberties, and sentenced by the trial court to a maximum indeterminate term of 20 years' imprisonment on the aggravated robbery conviction. After careful consideration of defendant's appeal from judgment of conviction, we affirm.

The first issue raised by defendant relates to the admissibility of testimony by the victim identifying the car defendant used. Defendant contends that this should have been noted in the Rasmussen notice and that the procedure used by the police to secure the victim's identification of the car was impermissibly suggestive. We do not reach either of these contentions. Defendant neither sought a midtrial hearing on the admissibility of this evidence nor did he object to it. Rather, he sought by vigorous cross-examination to weaken the victim's identification of the car. As this court indicated in Simberg v. State, 288 Minn. 175, 179

N. W. 2d 141 (1970), a failure to object to identification evidence on due process grounds constitutes a waiver of the issue for appeal purposes.

Defendant's second contention is that the victim's identification of defendant was tainted by an impermissibly suggestive confirmatory lineup which followed the victim's positive identification of defendant from a photo display. The test which must be applied in cases where identification procedures are challenged on due process grounds is whether the procedures created a very substantial likelihood of misidentification. Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). In this case the photo identification was not at all suggestive, the victim had seen her assailant numerous times before, and the victim was positive in her identification of defendant and his car. All these facts indicate that the victim's identification of defendant was accurate.

There is no merit to the argument that the prosecutor's cross-examination of defendant prejudiced defendant's case. We are not required to reach defendant's contentions that the trial court improperly admitted certain rebuttal evidence and that the prosecutor committed prejudicial misconduct in closing argument, because defendant did not object either to the challenged rebuttal evidence or to any part of the closing argument. [1]

Affirmed.

---

[1] The prosecutor in closing argument stated that the prosecution had attempted to avoid duplication in calling witnesses. We reiterate what we said in State v. Thomas, 305 Minn. 513, 515, 232 N. W. 2d 766, 768 (1975): "We adhere to our decision in Shupe [State v. Shupe, 293 Minn. 396, 196 N. W. 2d 127 (1972)] that there may be circumstances in which it is prejudicial error for the prosecutor to state that he has failed to call witnesses who would, in effect, support the testimony of other witnesses. However, we also recognize that there may be circumstances in which a prosecutor should not be required to unnecessarily call multiple witnesses to the same fact situation, such as all policemen at the scene of an arrest or all firemen at the scene of a fire.

"We have concluded that in those cases in which a prosecutor wishes to include a doubtful statement in final argument, it should first be dis-

cussed in chambers with the trial judge so that the trial judge may exercise his discretion as to whether such a statement should be included in the prosecutor's final argument. In this light the court should be guided by A. B. A. Standards for Criminal Justice, The Prosecution Function (Approved Draft, 1971) §§ 5.8 and 5.9. In most cases, the trial judge may well conclude that the statement should not be made to the jury. If such be the case, the trial judge should instruct the defense attorney that he is to make no reference in his final argument to the fact that the prosecutor has failed to call the witnesses. Of course, any such witnesses should be made known to defendant so that defendant has an opportunity to call them. As to the defense conduct in general, the court should be guided by A. B. A. Standards for Criminal Justice, The Defense Function (Approved Draft, 1971) §§ 7.8 and 7.9.

"We believe that the problem presented in this case can be resolved by such a balancing of interests by the trial court prior to final argument. If the defense attorney fails to comply with the direction of the trial court to refrain from mentioning the prosecutor's failure to call witnesses after the prosecutor has been directed not to make reference to such witnesses during his final argument, appropriate disciplinary action may be taken under the inherent powers of the court and under the Code of Professional Responsibility."