**STATE of Minnesota, Respondent,**

v.

**Jody Thomas GOAR, Appellant.**

**No. 50430.**

Supreme Court of Minnesota.

Aug. 8, 1980.

C. Paul Jones, Public Defender, and Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, City Atty., and Michael W. McNabb, Asst. County Atty., Duluth, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of a charge of aggravated criminal damage to property, Minn.Stat. § 609.-595, subd. 1 (1978), and was sentenced by the trial court to a maximum prison term of 5 years. On this appeal from judgment of conviction defendant contends (1) that the evidence of his guilt was legally insufficient, (2) that the trial court prejudicially erred in admitting police photographs, including one of defendant, shown in a display to two eyewitnesses, and (3) that the unobjected-to elicitation by the prosecutor of evidence that defendant refused to give a written statement to the police and that the trial court's failure to sua sponte give a cautionary instruction amounted to plain error requiring a new trial. We affirm.

1. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient.

2. Defendant's contention that the trial court erred in admitting a copy of the police photographic display shown to two eyewitnesses is answered in State v. Seefeldt, 292 N.W.2d 558 (Minn.1980), where we cautioned against admission of this kind of evidence, because of the danger that it might suggest involvement by the defendant in prior criminal conduct, but made it clear that such evidence is admissible if its probative value is not substantially outweighed by its potential for unfair prejudice. Here the jury was not told when the police photograph of defendant was taken, so the jurors did not know whether it was taken when he was arrested for this offense or before. Identity was the key issue for the jury. There was a need for the evidence; none of the eyewitnesses could identify defendant at trial but one of the two eyewitnesses who viewed the police photographs had identified defendant's photograph. This pretrial identification ("This guy looks like the guy") would have been of no evidentiary value if defendant had been the only one whose picture fit the description of the man, but all six photographs were of men who closely fit the description of the man and therefore the pretrial identification had value. Admitting the exhibit allowed the jurors to see for themselves that the identification was not meaningless. We therefore conclude that the trial court did not abuse its discretion in admitting this evidence.

3. Defendant's final contention is that the prosecutor improperly established that defendant had refused to give a written statement to the police. Defense counsel, while cross-examining a police officer testifying for the state, adduced testimony that defendant had denied his guilt and had been fully cooperative with the police in their investigation. It was only on redirect that the prosecutor elicited the evidence that defendant, while denying his guilt, had refused to give a written statement.

In Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that a prosecutor's use of a defendant's post-arrest post-Miranda warning silence to impeach his exculpatory testimony at trial violated due process.[1] The theory of Doyle is that the Miranda warning is a governmental inducement which often causes defendants to exercise their right to silence and that it would be improper and unfair to then turn around and allow the government to use the resulting silence as a weapon against the defendant at trial. However, the Court in Doyle made it clear that evidence of this sort may be used in certain situations, for example, to challenge a defendant's testi-

---

1. Recently, in Jenkins v. Anderson, —— U.S. ——, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), the Court, while explicitly reaffirming its holding in Doyle, held that the Federal Constitution does

not bar the use of a defendant's prearrest silence to impeach his credibility, where no governmental action induced the defendant to remain silent. However, the Court made it clear

mony as to his behavior following arrest, as where a defendant claims he gave the police an exculpatory statement following arrest. Thus, in *State v. Hjerstrom*, 287 N.W.2d 625 (Minn.1979), we upheld the use of evidence of this sort to rebut an impression created by defendant that the police had not let him give a complete version of what happened.

Defendant did not object to the elicitation of the evidence. Apart from this, our opinion in *State v. McCullum*, 289 N.W.2d 89 (Minn.1979) controls. There we upheld the propriety of the prosecutor's bringing out evidence of a post-*Miranda* refusal by a defendant to give a written statement because the defendant had earlier intentionally elicited evidence suggesting that he had fully cooperated with the police.

Affirmed.

that states are free to disallow impeachment through use of prearrest silence and the Court noted that it had exercised its supervisory power over Federal courts to hold that prior silence cannot be used for impeachment where silence is not probative of the defendant's credibility and where unfair prejudice to the defendant might result. We are not asked to decide in this case and do not decide whether as a matter of state law we will disallow use of prearrest silence in situations where the Federal Constitution does not disallow it.