STATE of Minnesota, Respondent,

v.

Dale Anthony BELLCOURT, Appellant.

No. 51673.

Supreme Court of Minnesota.

May 8, 1981.

---

C. Paul Jones, Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Russell Anderson, County Atty., Bemidji, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a maximum prison term of 20 years.  On this appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright on the ground that the evidence identifying him as the robber was legally insufficient and (2) that, failing that, he should at least be given a new trial on the ground that the trial court prejudicially erred in (a) admitting a police identification photo of him, (b) refusing to prohibit the use of all of defendant's prior convictions for impeachment purposes, and (c) instructing the jury as it did on expert testimony.  We affirm.

■ 1.  Although the robber wore a mask and there was thus no positive eyewitness identification testimony, the evidence identifying defendant as the robber was nonetheless sufficient.  State's evidence connected defendant to the car and to the gun used by the robber.  Practically speaking, the jury had to decide whether defendant or his roommate committed the robbery.  Defendant's roommate, who owned the gun and also had access to the car, did not fit the general description of the robber, whereas defendant apparently did.  Defendant also had the same kind of unusually prominent dark eyebrows that the witnesses saw through the eyeholes in the mask of the robber.  Finally, the alibi testimony provided by the defense witnesses was impeached by other evidence.

■ 2.(a) The trial court did not err in admitting the police identification photo of defendant.  The photograph was carefully cropped, so it is possible that the jury did not even know it was a booking photograph.  In any event, the jury was informed that it was a photograph taken 3 days after the robbery, so the jury could not infer from the photograph that defendant had a prior police record.  Finally, the relevance of the photograph is clear: according to the trial

court, defendant's eyebrows appeared more prominent in the photograph than they did at the time of the trial. Because the probative value of the photograph was not substantially outweighed by its potential for unfair prejudice, we conclude that the trial court did not err in admitting it. *State v. Goar*, 295 N.W.2d 633 (Minn.1980); *State v. Seefeldt*, 292 N.W.2d 558 (Minn.1980); *State v. Serna*, 290 N.W.2d 446 (Minn.1980).

█ (b) While defendant had an extensive prior record, the trial court ruled that the state would be limited to using defendant's most recent aggravated robbery conviction to impeach him if he testified. Nonetheless, defendant chose not to testify. We hold that the trial court did not clearly abuse its discretion in ruling as it did. *See State v. Leecy*, 294 N.W.2d 280 (Minn.1980), and *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979).

█ (c) Defendant's contention concerning the instruction on expert testimony must be deemed forfeited, because defense counsel did not object to the instruction. We disagree with defendant's contention that plain error was committed.

Affirmed.