STATE of Minnesota, Respondent,

v.

Stephen P. CALLAHAN, Appellant.

No. 52096.

Supreme Court of Minnesota.

Oct. 2, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen and Thomas A. Weist, Asst. County Attys., and Anne E. Peek, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was charged with two counts of criminal sexual conduct in the first degree on the basis of a single incident of sexual penetration, and was found guilty by a district court jury of the lesser-included offense of criminal sexual conduct in the third degree (sexual penetration accomplished by force or coercion). The trial court sentenced defendant to 24 months in

prison. On this appeal from judgment of conviction, defendant seeks an outright reversal on the ground that the evidence was insufficient to show that the sexual penetration was not consensual, or at least a new trial on the ground that he was prejudiced by the prosecutor's improper attempt to elicit evidence that he exercised his right to silence when police sought to question him. We affirm.

■ 1. Defendant's first contention is that the evidence of his guilt was legally insufficient. There is no merit to this contention.

The evidence at defendant's trial established that he went to the complainant's apartment at 2 a. m. and falsely claimed that he was supposed to meet complainant's boy friend there. Complainant, who knew that defendant had been with her boy friend that evening, let defendant in and conversed with him for nearly an hour before concluding that the boy friend was not coming. She then asked defendant to leave but, when he said that the buses were not running at that hour and that he did not have money for a cab, she changed her mind and agreed to let him sleep on the couch.

A short time later, after falling asleep in her bedroom, which she was sharing that night with her son, she was awakened by defendant, who forced her into another room and raped her.

At trial defendant did not deny penetration but claimed it was consensual. However, there was other evidence, in addition to complainant's positive uncontradicted testimony, that it was nonconsensual, including evidence of reasonably prompt complaint by complainant to a number of friends, evidence that complainant was hysterical when she made these complaints, evidence of visible bruising, and evidence of torn nightclothes.

■ 2. The troubling issue is not the sufficiency of the evidence but whether the prosecutor's misconduct in attempting to elicit evidence of defendant's postarrest, post-*Miranda* silence was prejudicial and requires a new trial.

After the defense rested, the attorneys spoke with the court in chambers and the prosecutor said she had two rebuttal witnesses. Defense counsel expressed concern as to the nature of the rebuttal evidence, and the trial court asked whether any of the rebuttal testimony would "cause a blow up in the courtroom." The prosecutor said no, and, when asked by the trial court if she wished to reveal the nature of the rebuttal testimony, she said she would "rather not say."

Sargeant Harvey Nordine was then called to testify and, after having him identify the bedsheet complainant had given him, the prosecutor asked, "Sergeant Nordine, in your investigation, did you attempt to discuss this case with the defendant?" Defense counsel objected instantly and loudly and the courtroom was cleared and the trial court heard arguments in chambers on a motion for mistrial. The trial court denied the motion for mistrial but sustained the objection and ordered the jury to disregard the question because "it was not relevant." He also instructed the jury in his final instructions that "any evidence received but subsequently stricken, is not before you and you should treat it as though you had never heard or known of it."

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that a prosecutor's use of a defendant's postarrest post-*Miranda* silence to impeach the defendant's exculpatory testimony at trial violated due process. As this court stated in *State v. Goar*, 295 N.W.2d 633, 634 (Minn.1980), "The theory of *Doyle* is that the *Miranda* warning is a governmental inducement which often causes defendants to exercise their right to silence and that it would be improper and unfair to then turn around and allow the government to use the resulting silence as a weapon against the defendant at trial." *Doyle* was recently reaffirmed in *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), a case in which the court held that the federal constitution does not bar use of a defend-

ant's *prearrest* silence to impeach his credibility as a witness, where no governmental action induced the defendant to remain silent.

There are exceptions to *Doyle*. Thus, this court, following language in *Doyle*, has upheld the use of evidence of postarrest silence to rebut the false impression created by defendant that the police did not let him give a complete version of what happened or the false impression that he fully cooperated with the police. *State v. Goar*, 295 N.W.2d 633 (Minn.1980); *State v. McCullum*, 289 N.W.2d 89 (Minn.1979); *State v. Hjerstrom*, 287 N.W.2d 625 (Minn.1979).

Also, not all violations of *Doyle* are prejudicial.

In this case what is especially troubling is the manner in which the prosecutor proceeded, rejecting an opportunity to inform the court beforehand what she was planning. Because of the doubtful propriety of the inquiry she planned, she clearly should have taken the opportunity to resolve the matter in chambers before asking the question. *Cf., State v. Thomas*, 305 Minn. 513, 232 N.W.2d 766 (1975).

Further, there does not seem to have been any justification under any of the exceptions to *Doyle* for the question. The prosecutor's argument that she anticipated that defense counsel would argue that police had not conducted a thorough enough investigation to check out defendant's version of the events is a weak one: defense counsel never made such an argument or gave any indication that he was going to do so.

Whether a reversal is mandated is a difficult question. After careful consideration we hold that reversal is not required. We give considerable weight to the fact that the trial court, having heard all of the evidence, concluded that the question did not necessarily imply that defendant had claimed his right to silence and did not prejudice defendant, especially since the court sustained the objection and directed the jury to ignore the question. We also give weight to the strength of the state's evidence against defendant. Weighing all

the factors, we conclude that the trial court handled the matter properly and prevented any prejudice from occurring. In other words, we conclude that the error was harmless error beyond a reasonable doubt.

Affirmed.